LEE CLAFLIN & others *vs.* INHABITANTS OF HOPKINTON.

A town have no authority to vote money for the purchase of uniforms for an artillery company; and will be restrained by injunction from paying the money, even after the officers of the company, upon the faith of an order drawn in their favor by the selectmen on the town treasurer, have purchased the uniforms and deposited them in the armory, to be there kept as the property of the town.

PETITION, under *St.* 1847, *c.* 37, by ten inhabitants of Hopkinton, representing that at a meeting of the inhabitants of the town, holden on the 26th of June last, called in pursuance of a warrant which contained the following article : " To see if the town will appropriate any money for the benefit of Hopkinton Artillery Company, and act on all matters relating to said com-

pany, as may be thought best," it was voted to "appropriate $500 for the benefit of the Hopkinton Artillery, to be laid out for uniforms, and that the officers shall be held responsible to the town for the safe keeping of the same, which shall be kept in the armory;" that, pursuant to this vote, the selectmen on the 5th of July gave a written order to the treasurer of the town to pay out said sum, but that it had not yet been paid; and that the appropriation was illegal, and the town had no right to appropriate any moneys of the town for such purposes. Wherefore the petitioners prayed for an injunction to restrain the town treasurer and all other town officers from paying out the sum or carrying the vote into effect, and for a summons to the town to show cause why such injunction should not be made perpetual, and for further relief. The bill was filed and a temporary injunction issued on the 13th of July.

The town filed an answer, in which they alleged that the order to the treasurer was given to the commissioned officers of the company, and they, upon the receipt thereof, and in consideration therefor, executed to the town a written obligation, acknowledging the receipt of the order, and binding themselves to cause to be made and deposited in the armory of the company, on or before the 15th of August, not less than forty good and complete uniforms to the acceptance of the selectmen, to be retained in said armory and be the property of the town, and further binding themselves to repay the sum of $500 to the treasurer, if they should fail to perform their agreement; that in compliance with this agreement said officers advanced the money and purchased the uniforms at an expense of $800, and the ·uniforms were accepted by the selectmen, and deposited in the armory, as appeared by a certificate of the selectmen, (a copy of which was .annexed to the answer,) and that the amount so advanced by the officers had never been repaid to them. Wherefore the town prayed that the petition might be dismissed, and the temporary injunction dissolved.

*W. Brigham*, for the petitioners.

*C. R. Train*, for the respondents. The right of towns to equip a police force, and adopt a uniform for them, has been

long sanctioned by practice. If the town may furnish watch hooks and badges, why not also coats and trimmings ?

But even if the grant was originally unauthorized, the court will not now interfere. The vote of June 25th shows that the uniforms were intended to be the property of the town. On the 5th of July, by the delivery of the order on the treasurer to the officers of the company, and the execution of their obligation to preserve the uniforms, the rights of the parties were fixed ; and the officers proceeded to advance their money on the faith of the vote and order. The town now holds the property, representing not only the $500 granted by the town, but $300 more added by the officers and company. To continue the injunction would leave the officers of the company without remedy, and compel them to bear a loss of $500.

Metcalf, J. The town had no authority to raise money for the purpose of procuring uniforms for the artillery company, and therefore the vote to raise five hundred dollars for that purpose was illegal and void. *Tash* v. *Adams*, 10 Cush. 254.

The officers of the company could acquire no rights under an unauthorized and void vote, nor under an order which the selectmen had no authority to draw. And if they suffer loss in consequence of their reliance on such vote and order, it is like other cases of loss occasioned by misplaced confidence. *Parsons* v. *Goshen*, 11 Pick. 396. *Injunction made perpetual.*